IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cornelius Winfield Walker, ) | C/A No.: 1:23-1704-JD-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Sheriff Carter Weaver; Lt. Shirley ) | ORDER AND NOTICE |
| Anderson; Director Neil Johnson; ) | |
| Lt. Brittany Keefner; and City of ) | |
| Georgetown, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Cornelius Winfield Walker ("Plaintiff"), proceeding pro se, filed this complaint alleging violations of his constitutional rights while incarcerated at Georgetown County Detention Center ("GCDC"). He sues Georgetown County Sheriff Carter Weaver, Lt. Shirley Anderson, GCDC Director Neil Johnson, Lt. Brittany Keefner, and the City of Georgetown (collectively "Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.    Factual and Procedural Background

Plaintiff alleges "Carter Weaver, Neil Johnson, Brittany Keefner, and Shirley Anderson all acted under the color of law or local law by knowing that [GCDC] was not and is still not in compliance with holding federal pretrial

detainees." [ECF No. 1 at 5]. He alleges GCDC is locked down for 20 hours per day, he suffers from pain in his upper back, and suffers from skin dryness due to "roughness of the water." *Id.* He claims there is rust in every cell and mold in the corners of the room and inside the shower. *Id.* Plaintiff alleges he has no medical treatment or x-rays of his back. He further claims rust fell into his food when passing the tray through the flap, and he did not receive a new tray despite requesting one when he asked. *Id.* He seeks one million dollars in damages.

II.   Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on

its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

    B.    Analysis

        1.    No supervisory Liability

Plaintiff's complaint contains no factual allegations against Defendants other than generally that they know of the conditions of which he complains. Therefore, Plaintiff has not alleged sufficient facts allowing the court to find any individual is potentially liable to him. To the extent Plaintiff has sued Defendants in their supervisory capacities, he has failed to state a claim under § 1983. The doctrine of supervisory liability is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of

4

deliberate indifference or tacit authorization). Plaintiff does not allege Defendants are responsible for all the issues about which he complains.

> 2. Claims do not Rise to Constitutional Violation

Courts have previously held that exposure to mold, mildew and odors does not meet the standard of "excessive risk" to the health and safety of an inmate under the Fourteenth Amendment. *See generally Webb v. Nicks*, No. 1:18-2007-HMH-SVH, 2019 WL 2896447, at *1-4 (D.S.C June 4, 2019), adopted by, No. 1:18-2007-HMH-SVH, 2019 WL 2869626 (D.S.C. July 3, 2019). Living conditions in prison are not always ideal, and inmates cannot expect the services and amenities afforded at a good hotel. *See Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir 1988) (finding no constitutional violation when an inmate was not provided soap, a toothbrush, or toothpaste for ten days). Short term sanitation issues, while perhaps unpleasant, do not amount to constitutional violations. *Harris v. FNU Connolly*, 5:14-cv-128-FDW, 2016 WL 676468, at *5 (W.D.N.C Feb. 18, 2016) (citing *Whitnack v. Douglas Cnty.*, 16 F.3d 954, 958 (8th Cir. 1994)). Plaintiff's allegations, without more, do not rise to the level of a constitutional violation.

> 3. City of Georgetown

Municipalities and municipal employees sued in their official capacities are only liable under § 1983 based on the execution of a government policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). Further, a

5

municipality may not be held liable under § 1983 solely because it employs the tortfeasor; rather, a plaintiff must identify a municipal policy or custom that caused the plaintiff's injury. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Kirby v. City of Elizabeth City, North Carolina*, 388 F.3d 440, 451 (4th Cir. 2004). Plaintiff fails to identify a policy or custom that caused the alleged constitutional violations, and his claims against the City of Georgetown are therefore subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **June 5, 2023**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims specified above be dismissed without leave for further amendment.

IT IS SO ORDERED.

May 15, 2023
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

7